# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| Brooke Nicole Bass,<br><br>                Plaintiff – Appellant,<br><br>v.<br><br>Aitkin County; City of Aitkin; Anoka County; City of Anoka; City of Arlington; Beltrami County; City of Blaine; City of Bloomington; City of Blue Earth; City of Brooklyn Park; City of Cannon Falls; Carver County; City of Champlin; Chisago County; Cook County; City of Cottage Grove; City of Crosby; City of Crosslake; Dakota County; City of Edina; Freeborn County; City of Green Isle; Hennepin County; City of Hopkins; Kandiyohi County; City of Lake Shore; City of Lakeville; City of Maple Grove; City of Maplewood; City of Marshall, McLeod County; City of Minneapolis; City of Minnetonka; Mower County; City of Northfield; City of Plymouth; Ramsey County; City of Red Wing; Rice County; City of Rosemount; City of Roseville; City of St. Francis; St. Louis County; City of St. Paul; Stearns County; Steele County; City of Wabasha; City of White Bear Lake; City of Woodbury; Wright County; John and Jane Does (1 - 300) acting in their individual capacity as supervisors, officers, deputies, staff, investigators, employees or agents of the other | Case No. 14-1756<br><br><br>**APPELLANT'S STATEMENT OF THE ISSUES** |

Appellate Case: 14-1756     Page: 1     Date Filed: 04/15/2014 Entry ID: 4144277

| | |
|---|---|
| governmental agencies; and Entity Does (1-50) including cities, counties, municipalities, and other entities sited in Minnesota,<br><br>      Defendants - Appellees. | |

Plaintiff –Appellant Brooke Nicole Bass ("Bass"), pursuant to Fed. R. App. P. 10(b)(3)(A), states that she intends to present the following issues on appeal:

1. Defendant Commissioners have established a drivers' records system that permits law-enforcement officers to obtain and use Minnesota driver's personal information (and Plaintiff's personal information specifically) based on the obtainer's law-enforcement status. The password provided to law-enforcement officers granting them access to the database system automatically allows the inquirer to obtain information without any statement of ascertainment of permissible purpose.

   **ISSUE:** Are Defendant Commissioners and the Minnesota Department of Public Safety Does liable for disclosing Plaintiff's personal information from her driver's license records by (1) disclosing the personal information based purely on the status of the requestor, and (2) for failing to ascertain or taking any steps to reasonably ensure that a person obtaining that information has any permissible purpose or use under the Driver's Privacy Protection Act for doing so?

2. Plaintiff, an attorney who has spent much of her career representing law-enforcement officers, has alleged, inter alia, that: Minnesota law enforcement officers have retrieved her personal information more than 750 times, that Plaintiff had considerable contact with law enforcement in the course of her job as their counsel; that she has no history or criminal activity or been the subject of criminal investigation, relevant to the accesses, that the accesses of her information have been made solely for personal curiosity and interest, that the accesses reveal a pattern of interest mostly by male police officers; that the accesses reveal no conceivable law enforcement or other permissible purpose. Minnesota law will not permit Plaintiff to be

informed of the identities of the individual officers until discovery is permitted after the motion to dismiss stage of the litigation process.

**ISSUE:** Does Plaintiff's Complaint states a plausible claim for relief against all Defendants under the Driver's Privacy Protection Act for multiple impermissible accesses of her personal information?

3. The alleged violations were surreptitious, concealed, and deliberately hidden from the Plaintiff. The violations could not reasonably be known to the Plaintiff.

**ISSUE:** Whether Plaintiff's Driver's Privacy Protection Act claims against all Defendants should be barred by the statute of limitations under 28 U.S.C. § 1658(a), applying the rule that the claim accrues upon occurrence of the acts violating the Driver's Privacy Protection Act rather than when Plaintiff discovered or in the exercise of reasonable diligence should have discovered those acts?

As directed by Fed. R. App. P. 10(b)(3)(A), the Orders at issue is attached hereto.

**SAPIENTIA LAW GROUP, PLLC**

Dated: April 15, 2014

/s Kenneth H. Fukuda
Kenneth H. Fukuda (#0389301)
Jonathan A. Strauss (#0279602)
Lorenz F. Fett (#196769)
Sonia Miller-Van Oort (#278087)
12 South Sixth Street, Suite 1242
Minneapolis, MN 55402
(612) 756-7100
Fax: 612-756-7101
kennf@sapientialaw.com
jons@sapientialaw.com
larryf@sapientialaw.com
soniamv@sapientialaw.com

*ATTORNEYS FOR PLAINTIFF
BROOKE NICOLE BASS*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 15, 2014, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                              /s Kenn H. Fukuda